IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| J.H.M. by and through her Guardian ad Litem, John D. Elliot, | ) ) ) | Civil Action No. 2:17-cv-3437-RMG |
| Plaintiff, | ) ) ) | **ORDER AND OPINION** |
| v. | ) ) | |
| South Carolina Department of Social Services, Stephanie Kee (Adoption Specialists Supervisor), Reesheda Pringle (Adoption Specialist), Jessica Edwards (Case Manager), | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on Plaintiff J.H.M. and Defendant South Carolina Department of Social Services ("SCDSS") joint motion to compel (Dkt. No. 15). For the reasons set forth below, the Court grants in part and denies in part the motion to compel.

I. **Background**

Plaintiff filed this action on November 14, 2017, in the Dorchester County Court of Common Pleas, alleging negligence, violation of the South Carolina Tort Claims Act, and a claim under 42 U.S.C. § 1983 for violation of the Fourteenth Amendment. (Dkt. No. 1-1.) Plaintiff's claims stem from Defendant's alleged failure to protect and failure to treat JHM while she was in the custody and care of SCDSS. (Dkt. No. 1-1.) Defendants removed the case to federal court on December 20, 2017. (Dkt. No. 1.)

The Parties now jointly present to this Court a discovery dispute regarding the appropriate way to disclose potentially relevant records for other minors who are not a party to this action. (Dkt. No. 15 at 2.) Specifically, Plaintiff has requested all documents from SCDSS regarding Plaintiff and her biological family (including siblings) related to placement and treatment

decisions.[1] (*Id.*) Plaintiff has consented to redacting and replacing all names with initials. (*Id.*) Defendant objects to this request as it would involve other minors who are not party to this action, and notes that the records for Plaintiff and her siblings may be intermingled with the adoption files of other children. (*Id.* at 3.)

**II.     Legal Standard**

Federal district courts have broad discretion in resolving discovery disputes and deciding whether to grant or deny a motion to compel. *Erdmann v. Preferred Research, Inc. of Ga.*, 852 F.2d 788, 792 (4th Cir. 1988). Under Federal Rule of Civil Procedure 45, a party may serve a subpoena for the production of discoverable material on a non-party to the litigation. *See, e.g., Sherrill v. DIO Transp., Inc.*, 317 F.R.D. 609, 612 (D.S.C. 2016). The scope of discovery for a nonparty litigant under a subpoena issued pursuant to Rule 45 is the same as the scope of a discovery request made upon a party to the action under Rule 26. *See HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013).

A party who has properly served a subpoena "may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). However, upon "timely motion, the court…must quash or modify a subpoena that…requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A).

**III.    Discussion**

Defendant argues that this Court should conduct an *in camera* review prior to disclosing any of Plaintiff's requested records. Defendants rely on S.C. Code Ann. § 63-7-1990 (the Children's Code) and S.C. Code Ann. § 63-9-780, two South Carolina statutes dealing with,

---

[1] The Parties did not submit a copy of the subpoena to the Court.

respectively, the confidentiality of SCDSS records regarding child abuse and adoptions. Both parties acknowledge that the documents sought in the subpoena fall under the protections of the Children's Code. (Dkt. No. 15 at 2.) Defendants additionally argue that an *in camera* review is warranted because Plaintiff's siblings, and potentially other children, are not parties to this action. (*Id.* at 3.) The Parties identified four cases from this Court dealing with this exact issue. Two of the cases followed South Carolina law, "assuming" that while the procedural aspects of the statutes were not binding in a federal case, it was still appropriate to conduct an *in camera* review. *See R.C. v. SCDSS*, No. 3:16-cv-03938-DCC, Dkt. No. 37 (D.S.C. November 2, 2017) (Anderson, J.); *N.G. ex rel. Gaymon v. S.C. Dep't of Soc. Servs.*, No. 0:10-CV-02973-CMC, 2011 WL 1642331 (D.S.C. May 2, 2011) (Currie, J.). Two cases held that the federal law of privilege applied, and the requested records should be disclosed subject to a confidentiality order. *See W.S. v. Daniels*, No. 8:16-CV-01032-DCC, 2018 WL 690066 (D.S.C. Feb. 1, 2018) (Coggins, J.); *W.S. v. Daniels*, 258 F. Supp. 3d 640 (D.S.C. 2017) (Lewis, J,).

The Court sees no reason to depart from the most recent reasoning articulated by this Court. The current case involves both federal and state law claims. The Fourth Circuit is clear that "in a case involving both federal and state law claims, the federal law of privilege applies." *W.S. v. Daniels*, 258 F. Supp. 3d 640, 644–45 (D.S.C. 2017) *quoting Virmani v. Novant Health Inc.*, 259 F.3d 284, 293 n.3 (4th Cir. 2001). Therefore, the Court will apply the federal law of privilege.

Privilege in federal court is governed by Rule 501 of the Federal Rules of Evidence, which states that "[t]he common law--as interpreted by United States courts in the light of reason and experience--governs a claim of privilege unless any of the following provides otherwise: the United States Constitution; a federal statute; or rules prescribed by the Supreme Court." Fed. R. Evid. 501.

As noted in this Court's prior decisions, and confirmed again, the Court has been unable to find any appellate decisions that have recognized a federal common law privilege regarding records covered by the Children's Code or those covering adoptions. *See W.S. v. Daniels*, 2018 WL 690066, at *2 ("The Court has been unable to find any federal appellate decisions that have, as a matter of federal common law, recognized privileges of the sort contemplated by the Children's Code."). Furthermore, at least one court of appeal has declined to recognize a privilege regarding third-party juvenile records. *See Pearson v. Miller*, 211 F.3d 57, 72 (3d Cir. 2000) (declining to recognize a privilege under Rule 501 based on the provisions of Pennsylvania's Juvenile Act). Therefore, this Court declines to find such a privilege. *See Virmani v. Novant Health Inc.*, 259 F.3d 284, 287 (4th Cir. 2001) ("[e]videntiary privileges 'are not lightly created,'…because 'privileges contravene the fundamental principle that the public ... has a right to every man's evidence.'") (citations omitted).

This Court is concurrently issuing a Confidentiality Order. The Court therefore holds that the provisions of that Order sufficiently protects the interests of third-party children, and the Court finds that an *in camera* review of the requested records is not required.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Parties' joint motion to compel (Dkt. No. 15).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 7, 2018
Charleston, South Carolina